59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rod WILLIAMS, Plaintiff-Appellant,
v.
SKYWEST AIRLINES, INC.; Gary Goodman; Keith Malner,
Defendants-Appellees.
 No. 93-55739.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided June 26, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rod Williams appeals the district court's summary judgment against him on his state law claims for wrongful termination in violation of public policy, breach of an implied contract, and breach of the covenant of good faith and fair dealing. We review de novo the district court's summary judgment, Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir. 1992), and we affirm.
 
 
 3
 * Williams contends that the district court erred in requiring him to establish that, even if he was fired for refusing to commit a crime, the criminal statute at issue embodied a fundamental policy inuring to the benefit of the public. We are not persuaded.
 
 
 4
 Williams must establish at a minimum that he was terminated 1) in violation of a fundamental public policy 2) grounded in statute or the Constitution. E.g., General Dynamics Corp. v. Superior Court (Rose), 7 Cal. 4th 1164, 1180 (1994); Holmes v. General Dynamics Corp., 17 Cal. App. 4th 1418, 1426 (1993). The "fundamental public policy" element, as clarified in 1988 by Foley v. Interactive Data Corp., 47 Cal. 3d 654 (1988), requires that
 
 
 5
 [e]ven where, as here, a statutory touchstone has been asserted, we must still inquire whether the discharge is against public policy and affects a duty which inures to the benefit of the public at large rather than to a particular employer or employee. For example, many statutes simply regulate conduct between private individuals, or impose requirements whose fulfillment does not implicate fundamental public policy concerns.
 
 
 6
 Id. at 669. Since Foley, California's courts have consistently engaged in a public-impact analysis of the statute implicated by the given claim to determine whether the interest involved is sufficiently weighty. See, e.g., Rojo v. Kliger, 52 Cal. 3d 65, 89-91 (1990); Parada v. City of Colton, 24 Cal. App. 4th 356, 363-65 (1994); Holmes, 17 Cal. App. 4th at 1432; Blom v. N.G.K. Spark Plugs (U.S.A.), Inc., 3 Cal. App. 4th 382, 387 (1992); Collier v. Superior Court (MCA, Inc.), 228 Cal. App. 3d 1117, 1123-26 (1991); Luck v. Southern Pac. Transp. Co., 218 Cal. App. 3d 1, 27-28 (1990), cert. denied, 498 U.S. 939 (1990).
 
 
 7
 We see no principled basis for concluding that this requirement was not intended to apply to cases involving refusals to commit a crime. We read the only post-Foley "refusal" case, Gantt v. Sentry Ins., 1 Cal. 4th 1083 (1992), as entirely consistent with such a requirement. In Gantt, the California Supreme Court recognized that tort liability could be predicated on an employer firing an employee for refusing to commit a misdemeanor by lying during a FEHA investigation. The Gantt Court concluded that the claim fell squarely within the rubric of prior "refusal" cases, but not without determining that an important societal interest would be protected. Id. at 1097.
 
 
 8
 Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980), upon which Williams principally relies, is not to the contrary. Instead, the rationale of Tameny suggests precisely the sort of inquiry Foley mandates. According to Tameny, the duty not to retaliate against an employee who refuses to commit a criminal act is "a duty imposed by law upon all employers in order to implement the fundamental public policies embodied in the state's penal statutes." Id. at 176. The Tameny action exists not to regulate the employment relationship, but to vindicate important public policies found elsewhere. General Dynamics Corp., 7 Cal. 4th at 1180-81. A retaliatory firing implicates public policy only to the extent that that which is retaliated for is of substantial public importance. In the instant case, it is "the fundamental policies embodied in the state's penal statutes" that are at stake. But if a given penal statute happens not to embody a fundamental policy, then the raison d'etre for the Tameny duty--and tort liability--evaporates.
 
 
 9
 Williams' claim fails because he cannot show that California Labor Code Sec. 1199 and Wage Order 4-89 create a public benefit of fundamental importance going beyond the interests of Williams and SkyWest. See Foley, 47 Cal. 3d at 669. Any agreement between SkyWest and its employees to provide a 10 hour shift with a 30 minute break, while perhaps not permitted by regulation, would not have been void as against public policy. See id. at 670 n. 12. Indeed, rest breaks and the like are the grist of collective bargaining agreements. Consequently, Williams' actions do not implicate any fundamental public policy, and his tort claim fails.
 
 II
 
 10
 The district court dismissed Williams' claim for breach of an implied contract because it concluded that Williams had failed to raise any genuine dispute regarding his at-will status. We agree.
 
 
 11
 In order to state a claim for breach of an implied contract, Williams must rebut the statutory presumption that he was an at-will employee. Knights v. Hewlett Packard, 230 Cal. App. 3d 775, 779 (1991); Cal. Labor Code Sec. 2922. In determining whether an implied contract existed, we consider the totality of the circumstances. Foley, 47 Cal. 3d at 679-80.
 
 
 12
 Williams rests his case on one assurance of job security--a comment by Goodman during Williams' job interview that Goodman was looking for a "permanent" man--and SkyWest's purported policy of progressive discipline. This does not suffice. Even if a company uses progressive discipline,
 
 
 13
 that proves nothing regarding the existence or nonexistence of [an] at-will employment policy. Otherwise, an employer would be forced purposely to terminate employees for any and every infraction--or none at all--in order to maintain the presumption of at-will employment. The law does not require such caprice to avoid creating an implied in fact contract.
 
 
 14
 Davis v. Consolidated Freightways, 29 Cal. App. 4th 354, , 34 Cal. Rptr. 2d 438, 445 (1994). While SkyWest's Policy Manual describes a range of possible disciplinary actions, the same manual expressly reiterates that employment is at-will and termination can occur "for any reason not prohibited by law."
 
 
 15
 Williams has presented no evidence of either industry-wide practice or any significant longevity with SkyWest. He does not allege that he was ever told that employees could only be terminated for cause. He does not allege that he was ever told he was a permanent employee. In light of these omissions, Williams' brief tenure, the statements in the various writings to the contrary, and the Sec. 2922 presumption, Williams' testimony about Goodman's statement is a "scintilla of evidence" which cannot defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment was properly entered on Williams' claims.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3